Edna D. Ely, Respondent, v. James W. Dolen, Appellant, Impleaded with

Others.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs, upon the ground that there was a total failure of proof to establish the liability of the appellant for the conduct of the driver of the car in question. The appellant was neither the owner of the car nor in control of its operation at the time, and his liability cannot be predicated upon the claim that he requested Brunschweig to drive the car from Utica to Brooklyn, when the evidence, without contradiction, establishes that Brunschweig was employed by the appellant's wife in Brooklyn to go to Old Forge and bring the car back to Brooklyn. Kelly, P. J., Manning, Kapper and Lazansky, JJ., concur; Young, J., dissents upon the ground that the gist of Mrs. Dolen's testimony is that the car, when the accident occurred, was being used without her consent. If this is so, she was not liable. She died before the case came to trial, and now her husband is not liable if the car was driven by Brunschweig with Mrs. Dolen's consent. If, however, Mr. Dolen took the car without Mrs. Dolen's consent, and assumed control of it, and directed Brunschweig to drive it to Brooklyn, Mr. Dolen, under such circumstances, may be held. The jury were at liberty to disbelieve the testimony of young Dolen, particularly in view of the testimony previously given by his mother. Under these circumstances the case was properly submitted to the jury.